# IN THE UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KYLE ANDERSON and DOMINICK SOTO, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>EIGHT FAHRENHEIT, INC. and RAJIV SHAH, Jointly and Severally,<br><br>Defendants. | Case No.:_____ |

## COLLECTIVE ACTION COMPLAINT
**(Jury Trial Demanded)**

Plaintiffs, Kyle Anderson and Dominick Soto, individually and on behalf of all others similarly situated, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.  Defendants operate an ice cream store franchise, Eight Fahrenheit, Inc. ("8 Fahrenheit"). The 8 Fahrenheit franchise has locations in Georgia, Tennessee, Texas,

1

Alabama and Florida. Plaintiffs primarily worked for 8 Fahrenheit in its Doraville, Georgia location.

2. Plaintiffs also worked at times for Defendants in their Duluth, Georgia location on an as-needed basis to fill-in for other workers.

3. Plaintiff Anderson worked for 8 Fahrenheit as a store manager in the Doraville store.

4. Plaintiff Soto worked for 8 Fahrenheit as an ice cream maker in the Doraville store.

5. Plaintiffs were paid straight-time for all hours worked, despite working in excess of 40 hours per week throughout their employment.

6. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiffs, and have yet to receive redress is unknown at this time.

7. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiffs performed work for 8 Fahrenheit in Doraville, Georgia, which is in DeKalb County.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

11. Plaintiff, Kyle Anderson, was at all relevant times, an adult individual residing at 4370 Satellite Blvd, Duluth, Georgia 30096, which is in DeKalb County.

12. Plaintiff, Dominick Soto, was at all relevant times, an adult individual residing at 401 Summerview Drive, Stone Mountain, GA 30083, which is in DeKalb County.

**Defendants:**

13. Defendant, 8 Fahrenheit, is an active Georgia corporation. Its principal place


of business is 5090 Buford Hwy Ste 101, Doraville, GA, which is in Dekalb County.

14. Upon information and belief, Defendant Rajiv Shah is an owner, officer, director and/or managing agent of 8 Fahrenheit. Mr. Shah's address is unknown at this time.

15. Rajiv Shah (the "Individual Defendant") participated in the day-to-day operations of 8 Fahrenheit, and acted intentionally and maliciously. The individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with 8 Fahrenheit (the "Corporate Defendant").

16. Upon information and belief, the Individual Defendant jointly set the unlawful payroll policies complained of in this complaint.

17. At all relevant times, Defendants have been employers of Plaintiffs, and/or joint employers within the meaning of the FLSA.

18. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

19. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials

4

that have been moved in or produced for commerce by any person, in that they purchase ice cream products, supplies, and ingredients which were produced in various states, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

20. At all relevant times, Defendants have been in the food service industry, supplying customers with different assortments of ice cream.

21. Upon information and belief, the Individual Defendant handles payroll and record keeping for the Corporate Defendant, and is actively involved with the Corporate Defendant's day-to-day operations.

22. About 95% of Mr. Anderson's time was spent doing non-exempt job duties such as: making the ice cream, handling the cash register, stocking merchandise, cleaning the store and bathroom, arranging tables and chairs.

23. About 5% of Mr. Anderson's time was spent training new employees, conducting interviews of potential employees, and occasionally setting employee schedules.

24. For the first month of Mr. Anderson's employment his job duties entailed setting employee schedules. However, after this first month, Defendant Shah decided

to take the schedule making duties over for himself and Mr. Anderson no longer made any schedules.

25. Mr. Anderson worked for Defendants from March 25, 2017 to June 17, 2017 (12 weeks).

26. Mr. Anderson worked an average of 84 hours per week.

27. Mr. Anderson was paid $750 per week on a salary basis and worked 84 hours per week. Mr. Anderson was never received overtime premium rate for hours he worked in excess of 40 hours, despite the vast majority of his job duties consisting of non-exempt work.

28. Additionally, Mr. Anderson's salary was subject to partial-day deductions when he took hours off during work to do personal errands, such as: getting haircuts, paying bills, or going to doctor's appointments.

29. Plaintiff Soto was employed by Defendants as an ice cream maker. Mr. Soto's job duties included: making ice cream, cleaning the store, and stocking items.

30. Mr. Soto worked for Defendants from May 2, 2017 to December 17, 2017 (33 weeks)

31. Mr. Soto worked an average of 79 hours per week.

32. Mr. Soto was paid $9 per hour.

33. Mr. Soto was paid this same wage rate for all hours worked in excess of 40 hours.

34. Defendants have failed to maintain adequate pay records for all hours worked by Plaintiffs, despite the record keeping requirements of the FLSA and its supporting regulations. See 29 CFR 516.2(a)(6)-(9) (requiring employer to maintain records showing total hours worked for each employee and the overtime compensation received).

35. Defendants would pay Plaintiffs with handwritten checks rather than through a payroll system, in an effort to not maintain pay records which would show their failure to pay overtime wages.

36. No taxes were taken out of the handwritten checks issued to Plaintiffs.

37. This failure to pay overtime premium wages and maintain adequate records can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## STATEMENT OF CLAIM

38. Mr. Anderson worked 84 hours per week, which includes 40 regular hours and

44 overtime hours. He was given a weekly paycheck of $750. Therefore, $750 total weekly pay divided by 84 hours, equals $8.93 per hour for all hours worked. Since his rate of pay was $8.93 per hour, his "half-time rate" is $4.47 per hour, for the purposes of computing overtime.[1] 44 overtime hours multiplied by $4.47 half-time rate, equals $196.68 unpaid overtime per week. Mr. Anderson was employed 12 weeks by Defendants. 12 weeks multiplied by $196.68 unpaid overtime per week, equals $2,360.16 in unpaid overtime wages. If the Court grants liquidated damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are $2,360.16 plus $2,360.16, which equals $4,720.32.

39. Therefore, Plaintiff Anderson is owed $4,720.32.

40. Mr. Soto worked 79 hours per week, which includes 40 regular hours and 39 overtime hours. Mr. Soto was paid straight-time for all hours worked. Since his rate of pay was $9 per hour, his half-time rate is $4.50 per hour, for the purposes of computing overtime. 39 overtime hours multiplied by $4.50 half-time rate, equals $175.50 unpaid overtime per week. Mr. Soto was employed 33 weeks by Defendants. 33 weeks multiplied by $175.50 unpaid overtime per week, equals $5,791.50 in

---

[1] The half-times-rate is determined by dividing the regular rate of pay by 2.

unpaid overtime wages. If the Court grants liquidated damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are $5,791.50 plus $5,791.50, which equals $11,583.

41. Therefore, Plaintiff Soto is owed $11,583.

## FLSA COLLECTIVE ACTION ALLEGATIONS

42. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants, at any time since May 15, 2015, and through the entry of judgment in this case (the "Collective Action Period") who worked as ice cream makers, stock workers, and all other hourly employees (the "Collective Action Members").

43. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

44. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiffs, and have yet to receive redress is unknown at this time.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

45. Plaintiffs, on behalf of themselves, the Collective Action Members, and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

46. As a result of Defendants' failure to compensate its employees, including Plaintiffs and Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiffs and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

47. Defendants have failed to pay overtime to these hourly employees, in violations of the FLSA. The violations complained of in this action constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. The failure to pay overtime has caused Plaintiffs to suffer lost wages and

interest thereon. Plaintiffs and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiffs respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs

demand a trial by jury on all questions of fact raised by the complaint.

Dated: May 15, 2018

                                          Respectfully submitted,

                                          **s/ Brandon A. Thomas**
                                          **BRANDON A. THOMAS**
                                          **GA BAR NO.: 742344**
                                          The Law Offices of Brandon A. Thomas, PC
                                          1800 Peachtree Street, N.W., Suite 300
                                          Atlanta, GA 30309
                                          Tel: (404) 343-2441
                                          Fax: (404) 352-5636
                                          brandon@brandonthomaslaw.com