# IN THE UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KYLE ANDERSON and DOMINICK SOTO, Individually and on Behalf of All Those Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> EIGHT FAHRENHEIT, INC. and RAJIV SHAH, Jointly and Severally, <br><br> Defendants. | Case No.: <br> 1:18-cv-02177-SCJ |

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE

COMES NOW, Plaintiffs, Kyle Anderson and Dominick Soto, in conjunction with Defendants, Eight Fahrenheit, Inc. and Rajiv Shah (hereinafter the "Parties"). The Parties hereby jointly request that this Court approve the settlement agreement in this case involving Fair Labor Standards Act claims, and dismiss this lawsuit with prejudice. In support of this motion, counsel shows the following:

1. On May 15, 2018, Plaintiffs filed their Complaint (Doc. 1) against

1

  Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. ("FLSA").

2. The Parties have subsequently reached a global settlement of all claims raised in this lawsuit. A copy of the settlement agreement is attached to this filing as an exhibit.[1]

3. Pursuant to federal law, settlements under the FLSA must be approved by either the Court or the U.S. Department of Labor to be binding. See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In instances involving the necessity of court approval, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353; but see Mackenzie v. Kindred Hosps. E.,L.L.C., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) ("Lynn's Food Stores addresses judicial oversight of 'compromises' of FLSA claims . . . [t]here is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.").

---

[1] See Exhibit A – Release Agreement and Covenant Not to Sue

4. The Parties jointly stipulate that the agreement reached encompasses full relief sought under the FLSA, including all wages, costs, and attorney's fees.[2]

5. Therefore, the Parties respectfully request that this Court approve the attached settlement agreement, and dismiss this lawsuit with prejudice.

Dated: October 26, 2018

          Respectfully submitted,

          **s/ Brandon A. Thomas**
          BRANDON A. THOMAS
          GA Bar No. 742344
          The Law Offices of Brandon A. Thomas, PC
          1 Glenlake Parkway
          Atlanta, GA 30328
          Tel: (678) 330-2909
          Fax: (678) 638-6201
          brandon@brandonthomaslaw.com
          *Counsel for Plaintiffs*

          **s/ Ruth W. Woodling**
          RUTH W. WOODLING

---

[2] See Id., para. 3 (General Release) ("The claims Claimants are releasing include…damages, expenses, litigation costs, backpay, frontpay…")

GA Bar No. 775075
WoodlingLaw, LLC
1230 Peachtree Street, N.E.
Suite 1900
Atlanta, Georgia 30309
(404) 942-4422
rwoodling@woodlinglaw.com
*Counsel for Defendants*

**s/Sheetal S. Desai**
**Sheetal S. Desai**
Desai Law Group, P.C.
GA Bar No. 142172
3055 Peachtree Industrial Blvd.
Suite 100
Duluth, Georgia 30096
(678)502-7464
sdesai@thetrustedlawyers.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2018, I filed the foregoing with the Court using the CM/ECF system, which will send notice to all counsel of record.

Respectfully submitted,

**s/ Brandon A. Thomas**
 **BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1800 Peachtree Street, N.W., Suite 300

Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com

5