**RELEASE AGREEMENT AND COVENANT NOT TO SUE**

   **1.**  **Parties.** This agreement is between Kyle Anderson, Dominick Soto, and Andre White (for themselves, their spouses, family, agents and attorneys) (jointly, "Claimants") and Eight Fahrenheit, Inc., its parent companies, subsidiaries, predecessors, successors, affiliates, directors, owners, officers, fiduciaries, insurers, employees, attorneys and agents and Rajiv Shah (jointly, "Defendants").

   **2.**  **Payments and Other Consideration.** In exchange for the promises Claimants are making in this Agreement, Defendants will pay them and their attorney the combined sum of Eight Thousand Dollars and Zero Cents ($8,000.00), minus required withholdings and deductions for applicable state and federal taxes, in full settlement of all their claims as follows:

  (a)  One check to Kyle Anderson in the amount of Two Thousand Two Hundred Fifty Dollars and Zero Cents ($2,250.00), less required withholdings and deductions for applicable state and federal taxes, in lieu of alleged lost wages;

  (b)  A second check to Dominick Soto in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less required withholdings and deductions for applicable state and federal taxes, in lieu of alleged lost wages;

  (c)  A third check to Andre White in the amount of Five Hundred Dollars and Zero Cents ($500.00), less required withholdings and deductions for applicable state and federal taxes, in lieu of alleged lost wages;

  (d)  A fourth check to the Law Offices of Brandon Thomas in the amount of Two Thousand Seven Hundred Fifty Dollars and Zero Cents ($2,750.00) for attorneys' fees, costs and expenses incurred in this matter.  Eight Fahrenheit, Inc. will issue to the Law Offices of Brandon Thomas an IRS Form 1099 at an appropriate time to reflect payment of this sum.  The Law Offices of Brandon Thomas will provide a tax payer identification number or sign a Form W-9 and submit it to Eight Fahrenheit, Inc. to process the check.

   **3.**  **General Release.** In exchange for the payments described in Section 2, above, Claimants waive and release all known or unknown claims and causes of action they have or may have, as of the day they sign this Agreement, against Defendants and 8 Degree Ice Cream, LLC, its officers, agents and attorneys (hereinafter "Releasees").  The claims Claimants are releasing include, but are not limited to, any and all allegations that Releasees:

- have discriminated against them in violation of the Fair Labor Standards Act by failing to pay them the minimum wage and overtime for all hours worked in any workweek or by failing to keep accurate records of all hours worked;

- have discriminated against them on the basis of age, race, color, sex (including sexual harassment), national origin, ancestry, disability, religion, sexual orientation, marital

- status, parental status, veteran status, leave of absence status (to the extent permitted by law), source of income, entitlement to benefits, union activities, or any other status protected by local, state or federal laws, constitutions, regulations, ordinances or executive orders; or

- have violated Defendants' personnel policies, procedures, handbooks, any covenant of good faith and fair dealing, or any express or implied contract of any kind; or

- have violated public policy, statutory or common law, including claims for: personal injury; invasion of privacy; retaliatory discharge; negligent hiring, retention or supervision; defamation; intentional or negligent infliction of emotional distress and/or mental anguish; intentional interference with contract; negligence; detrimental reliance; loss of consortium to You or any member of your family; and/or promissory estoppel; or

- are in any way obligated for any reason to pay Claimants damages, expenses, litigation costs, backpay, frontpay, disability or other benefits, compensatory damages, punitive damages, and/or interest (except to the extent otherwise expressly provided in Section 2, above).

4. **Dismissal of Existing Action.** Also in exchange for the payment listed in Section 2, above, Claimants agree that they will dismiss with prejudice their lawsuit entitled *Kyle Anderson and Dominick Soto, Individually and on Behalf of All Those Similarly Situated v. Eight Fahrenheit, Inc. and Rajiv Shah, Jointly and Severally,* Civil Action No.1:18-cv-02177, which is pending in the United States District Court for the Northern District of Georgia, Atlanta Division. Claimants agree that Defendants will not be obligated to issue the payment listed in Section 2, above, until it receives confirmation from the Court that the specified matter is dismissed (as discussed in Section 11, below).

5. **Covenant Not To Sue.** A "covenant not to sue" is a legal term that means Claimants promise not to file a lawsuit in court. Claimants jointly and individually agree never to sue Releasees or join any lawsuit against Releasees in any forum based upon any claims, laws or theories covered by the General Release language in Section 3, above. Notwithstanding this Covenant Not To Sue, Claimants may bring a claim against Releasees to enforce this Agreement. If Claimants jointly or individually sue Releasees in violation of this Agreement, they shall be liable to Releasees for their reasonable attorneys' fees and other litigation costs incurred in defending against such a suit.

6. **Confidentiality.** Claimants agree that from the date of the signing of this Agreement onward, they will keep the terms and conditions of this Agreement strictly confidential and will not review, discuss or disclose, orally or in writing, the terms or conditions of this Agreement with any other person, organization or entity, other than their attorney, spouse, accountant or other tax consultant, or other person as may be required by law ("Authorized Individuals"). With respect to any Authorized Individual to whom Claimants disclose any information regarding this Agreement and its terms, they agree that they will inform such individual that the information is strictly confidential and may not be reviewed, discussed or disclosed, orally or in writing, with any other person, organization or entity. If inquiries arise

concerning the Agreement by anyone other than those listed, Claimants will simply state "the matter has been resolved" and will make no other comment. Claimants also acknowledge Releasees' right to enforce this confidentiality provision in any court of competent jurisdiction. Claimants further agree that if they breach this confidentiality provision, Releasees will be irreparably harmed as a matter of law and will be entitled to immediate injunctive relief plus their reasonable attorneys' fees incurred in enforcing this provision.

7. **No Future Employment.**  Claimants promise not to seek or accept future employment with Releasees at any location in any position or capacity.

8. **Nondisparagement.** Claimants agree not to make any statements, either oral or written, or take any other actions that disparage or reflect negatively on Releasees, except as required by court order or otherwise by law.

9. **Non-Admissions.**  Claimants agree that the terms of this Agreement are not an admission by Releasees of liability or other wrongdoing under any law.

10. **Additional Employee Acknowledgments.**  Claimants also agree that:

* they are entering into this Agreement knowingly and voluntarily;

* they have been advised by this Agreement to consult with an attorney before signing this Agreement;

* they are not otherwise entitled to the payments described in Section 2;

* this Agreement is the entire Agreement between Claimants and Releasees regarding their separation from employment with Releasees; Claimants acknowledge that in deciding to sign this Agreement, they have not relied on any representations, statements, promises or agreements that are not expressly set forth in this Agreement; and

* if any part of this Agreement is found to be illegal or invalid, the rest of the Agreement will be enforceable.

11. **Timing of Payment.**  Within ten (10) days after Defendants' receipt of notice from the Court that Claimants' lawsuit has been dismissed with prejudice, Defendants will provide Claimants' attorney with the payments described in Section 2, above.

{SIGNATURES APPEAR ON FOLLOWING PAGE}

12923758v.1

AGREED AND ACCEPTED:

KYLE ANDERSON

_____

Date:_____

DOMINICK SOTO

*Dominick Soto*

Date: 10/18/18

ANDRE WHITE

_____

Date:_____

AGREED AND ACCEPTED:

EIGHT FAHRENHEIT, INC.

By:_____

Title:_____

Date:_____

RAJIV SHAH

_____

Date:_____

AGREED AND ACCEPTED:

KYLE ANDERSON

_____/s/ Kyle Anderson_____

Date: _____10/10/18_____

DOMINICK SOTO

_____

Date:_____

ANDRE WHITE

_____

Date:_____

AGREED AND ACCEPTED:

EIGHT FAHRENHEIT, INC.

By: _____JR Ranu_____

Title: ___President_____

Date: ___10/26/18_____

RAJIV SHAH

_____/s/ R. Shah_____

Date: ____10/26/18_____

Scanned by CamScanner

AGREED AND ACCEPTED:

KYLE ANDERSON

_____

Date:_____

DOMINICK SOTO

_____

Date:_____

ANDRE WHITE

_____—Ay))_____

Date:___10/10/2018_____

AGREED AND ACCEPTED:

EIGHT FAHRENHEIT, INC.

By:_____

Title:_____

Date:_____

RAJIV SHAH

_____

Date:_____

-4-